306

(No. 4679-

CHARLES H. REDEBAUGH, DOLORES M. REDEBAUGH AND GENERAL INSURANCE COMPANY OF AMERICA, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

DIXON, BALES AND GUNNER, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On May 18, 1955, claimants filed their complaint in this Court for damages suffered by reason of a fire in their home. The complaint was thereafter amended on April 16, 1956. It alleges that the fire was set by three boys, who escaped from the Dixon State School, and that said escape occurred by reason of the negligence of respondent.

The record consists of the complaint, Departmental Report, report of the proceedings, and Commissioner's Report.

The facts of the case are as follows:

On October 9, 1954, Leroy Durman, George Norris and Richard Hannan, inmates of the Dixon State School, escaped from the said school, and entered the house of complainants, located in Dixon, Illinois. The house was under construction, and was unattended during the night time. The three boys built a fire in the basement

on a colored concrete floor, using tar paper and other scrap material. This left a stain on the floor, which could not be cleaned. In addition to the fire, they squirted oil on a stone fireplace on the first floor, and smashed a steel basement window. Repeated efforts were made to clean the stained floor, but without success, and it was necessary to install an asphalt tile floor over the burned area.

General Insurance Company of America paid claimants the sum of $184.97 under an "extended coverage" policy, and it seeks subrogation for said sum in this proceeding. The total amount claimed is $260.97.

The complaint alleges that the claim for damages was presented to the Department of Public Welfare on April 14, 1955, and, on April 25, 1955, the Department directed claimants to present their claim to this Court.

The Departmental Report filed in this case acknowledges receipt of the claim, and indicates *that an inspecting officer went upon the premises to view the damages*. The report does not recommend the payment of the claim, but indicates that it was reasonable.

Respondent did not file an answer, nor did it introduce in evidence any testimony to show the care used to restrain inmates from escaping from the school.

Since claimants filed their claim with the Department of Public Welfare, and the Department filed a report, which was admitted into evidence by stipulation, the Court will consider these matters in the determination of this case.

This Court will take judicial notice of the fact that the Dixon State School was established for the care and detention of feeble minded children, whose families are incapable of caring for them in their own homes.

The Court further believes that, while these inmates are being cared for in said school, the Department of Public Welfare owes a duty to the public to use reasonable care to see that they do not escape and cause injury to others.

The complaint, Departmental Report and stipulations establish a prima facie case on behalf of claimants.

Since respondent did not offer any evidence in rebuttal that would show that reasonable efforts were made to prevent the escape of the inmates, or any other facts or circumstances surrounding their escape, the Court must conclude that there were no facts and circumstances.

The Court, therefore, finds that claimants suffered damages in the amount of $260.97 by reason of a fire set by the three inmates, who escaped from the Dixon State School. The Court further finds that the three inmates made their escape, because of the inadequate security maintained at the Dixon State School.

An award is, therefore, made to General Insurance Company of America, under its claim for subrogation, in the amount of $184.97; and, further, an award in the amount of $76.00 is made to claimants, Charles H. Redebaugh and Dolores M. Redebaugh.