(No. 80-CC-0971-■■■■■■■■■■■■■)

HOWARD BUXBAUM and THE CINCINNATI INSURANCE CO., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1981.*

NORTH, OHLSON, LOGLI, BOYD & CONDON (SCOTT M. BOYD, of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General (RODNEY CAVITT, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This claim was brought pursuant to the Damages Caused by Escaped Inmates of State Controlled Institutions Act, Ill. Rev. Stat. 1979, ch. 23, par. 4041.

The evidence showed that on July 4, 1979, Ernest J. Wardlow and Donald Hanson, both inmates of the Winnebago Community Correctional Center, located at 305 South Court Street, Rockford, Illinois, escaped from the institution and stole Claimant Howard Buxbaum's automobile, totalling it in a collision.

The complaint does not allege negligence on the part of Respondent in permitting the escape nor did Claimants introduce any testimony thereon. We have traditionally held that the State must be negligent in permitting the escape before it will be held liable therefor. However, the Respondent did not object to the complaint, called no witnesses at the hearing, and introduced no documentary evidence.

In *Finch v. State of Illinois*, 22 Ill. Ct. Cl. 376, this Court held that in such a situation the doctrine of *res ipsa loquitur* applies:

"The record is silent as to the patient, whether he had on previous occasions tried to escape, and whether he was a patient who should have been permitted to work in the fields without supervision. In fact we have nothing to govern ourselves as to whether or not the State was negligent in allowing this patient the freedom which he apparently had, so that the truck in question was stolen, and consequently damaged.

In the absence of such a showing, we think claimant was correct in his advancement of the doctrine of res ipsa loquitor, and that the burden would be upon respondent to make some showing as to this patient, i.e. whether or not he was one, who could be trusted in the manner in which he was in this particular case to work out in the field, or whether he should have been confined to the institution under close supervision. There being nothing in the record pertaining to this patient, other than the fact that the truck was stolen by him and damaged, we have no alternative but to find in favor of claimant."

The Court made a similar holding in *Redenbaugh v. State of Illinois*, 22 Ill. Ct. Cl. 306:

"Since respondent did not offer any evidence in rebuttal that would show that reasonable efforts were made to prevent the escape of inmates, or any other facts or circumstances surrounding their escape, the Court must conclude that there were no facts and circumstances."

It was established by the preponderance of the evidence that $1,550.00 was the fair market value of Claimant's car on the day it was totalled.

The death of Claimant was suggested in the record as required. Therefore it is hereby ordered that Becky Buxbaum, administrator, and The Cincinnati Insurance Company be awarded $1,550.00.