(No. 86-CC-0048–)

MAURICE MOORE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1987.*

MAURICE MOORE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This is a claim brought by Maurice Moore for personal injuries sustained by him while a resident of the Centralia Correctional Center. On April 27, 1985, Claimant was playing cards in the day room of the institution. While sitting in a plastic swivel chair bolted to a table unit, the chair gave way and threw him to the floor. He injured his back, and in trying not to hit his head on the floor, caused his left index finger to be sprained. Examination of the chair revealed that one or more of the screws needed to hold the chair to the unit were missing.

Applying this Court's holding in *Ware v. State*, 25 Ill. Ct. Cl. 181, Claimant made an unrebutted *prima facie* case of negligence on the part of the Respondent. In *Ware*, the Claimant was injured when the chair in which she was sitting in a State office collapsed.

"This Court is of the opinion that the doctrine of *res ipsa loquitur* is applicable to a public authority in Illinois. (See *Roberts v. City of Sterling*, 22 Ill. App. 2d 337; *Kenney v. State*, 22 Ill. Ct. Cl. 247; and *Finch v. State*, 22 Ill. Ct. Cl. 376.) The testimony clearly shows that the chair in question was under the control and management of the Unemployment Compensation Division of the Department of Labor of the State of Illinois, and that the occurrence was such as in the ordinary course of events would not have happened if due care had been exercised by Respondent. Claimant has established a *prima facie* case of negligence on the part of the Respondent, thereby shifting the burden of proof to Respondent. Respondent produced no evidence on the question of negligence and has failed to rebut the presumption raised by Claimant's testimony. There is testimony in the record by Claimant that after the fall she noticed there was an old place in the chair where the chair had cracked, and that there was a crack on the back part of the chair where the seat goes into the leg. Under the doctrine of *res ipsa loquitur* it becomes the obligation of Respondent to show by affirmative proof that Respondent was not guilty of negligence in the incident in question, namely, the collapsing of the chair on which the Claimant sat. Respondent has failed to do so, and the Court finds that Respondent was guilty of negligence in the maintenance of the chair, and that said negligence caused the injury to Claimant." *Ware v. State*, 25 Ill. Ct. Cl. 181, 185.

Claimant's medical history pertaining to the accident is contained in the departmental report attached to the transcript of this case. We are of the opinion that the Claimant suffered temporary pain and discomfort. It appears that he was unable to work in the correctional center kitchen for two weeks, and lost $6.00 in pay.

Therefore, we award the Claimant five hundred dollars ($500.00) for pain and suffering.